UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
KEVIN KELLY, ALISON LOPEZ,　　　　　　INDEX NO: 08-CV-8708-CS
MICHAEL SALAZAR, DENISE
AMIRANTE and PETER ZIEGERHOFER,
on behalf of themselves and other similarly
situated,

               Plaintiffs,

v.

BLT STEAK LLC and RITZ-CARLTON
HOTEL COMPANY LLC, D/BA RITZ
CARLTON WESTCHESTER

               Defendants.
----------------------------------------------------------x

## DECLARATION OF D. MAIMON KIRSCHENBAUM

I, D. Maimon Kirschenbaum, under penalty of perjury, affirm as follows:

1. My name is D. Maimon Kirschenbaum, and I am a member of Joseph, Herzfeld, Hester & Kirschenbaum LLP, Plaintiffs' counsel in the above-captioned matter.

2. Prior to resolving this case in November 2009, the Parties engaged in active and progressive settlement negotiations and formal discovery.

3. After Defendants appeared in this action, the Parties met and conferred on the legal issues and factual bases underlying the Class Representatives' claims.

4. The Parties held a full-day mediation on May 27, 2009, with Ruth Raisfeld, an experienced wage and hour mediation. In advance of the mediation, the Parties interviewed witnesses and exchanged hundreds of documents. My firm reviewed these

1

documents with Class Members and analyzed them to determine the strength of the case and the extent of damages. However, the mediation was unsuccessful.

5. The Parties continued to negotiate, both with and without the assistance of Ms. Raisfeld, and exchanged discovery requests. At all times, these negotiations were hard fought. A settlement was ultimately reached in November 2009. The Settlement Agreement is attached as Exhibit A.

6. On or about March 5, 2010, my staff mailed the Notice to the 124 Settlement Class Members. For each Notice returned to us as undeliverable, my staff attempted a skip trace and sent an additional copy of the Notice to those individuals who were located using the skip trace. The Notice is attached as Exhibit B.

7. No Class Members objected to or opted out of the settlement.[1]

8. Class Representatives Kevin Kelly, Peter Ziegerhoffer, Alison Lopez, Michael Salazar, and Denise Amirante played an integral role in initiating this class action. The Class Representatives and Opt-in Plaintiff David Noeth provided hours of invaluable help, including reviewing the documents Defendants produced and affirming the veracity of the information provided. The Class Representatives all participated in responding to Defendants' discovery requests, and Mr. Kelly and Mr. Ziegerhoffer attended the full day mediation in May 2009. Mr. Kelly spent hours with my staff and me reviewing voluminous documents produced both by Defendants and by him, and he has provided invaluable assistance in the administration of the settlement by reviewing and correcting information produced by Defendants regarding Class Members' positions and hours worked.

---

[1] Two of Defendants' managers received the Notice and submitted opt-out forms after being advised by Class Counsel that they were improperly included on the initial list of Class Members.

9. I know from past experience that the New York City-area restaurant industry is close knit. Employees or former employees who take a leading role in lawsuits like this one face the serious risk of having future employment opportunities within the industry foreclosed.

10. Mr. Kelly, Mr. Ziegerhoffer, Ms. Lopez, Mr. Salazar, and Ms. Amirante have fairly and adequately represented and protected the interests of all Settlement Class Members in achieving this settlement. They have no known conflicts with any Settlement Class Members.

11. Joseph, Herzfeld, Hester & Kirschenbaum LLP is a law firm dealing almost exclusively with employee rights. Specifically, the firm represents employees in wage/hour and employment discrimination matters.

12. I manage the firm's food service wage and hour department.

13. Since graduating Fordham University School of Law in 2005, I have worked at Joseph & Herzfeld LLP. As a result of my accomplishments representing food service workers throughout New York City, detailed below, I became a member/partner of the firm in May of 2007.

14. Over 90% of my personal current docket involves class actions lawsuits against New York City restaurants for wage and hour violations.

15. During the last approximately three years, our wage and hour practice filed over 40 class/collective actions on behalf of people employed in the New York food service industry, in addition to a significant number of individual actions.

16. In litigating these cases, I have spent of the last two and a half years researching and discussing with experts all cases, legislative history, administrative decisions, related to New York's laws related to compensation of tipped employees.

17. Many of these actions have been approved as collective actions under the FLSA, 29 U.S.C. § 216(b) and/or Fed. R. Civ. P. 23 with me as lead or co-lead counsel. *E.g.*, *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55 (S.D.N.Y. 2009) (conditionally certifying FLSA collective action of restaurant workers); *Agofonova v. Nobu Corp.*, No. 07 Civ. 6926 (S.D.N.Y. Feb. 6, 2009) (granting final approval of settlement and certification of settlement class in wage and hour class action); *Williams v. Twenty Ones, Inc.*, No. 07-Civ-3978, 2008 WL 2690734 (S.D.N.Y. June 30, 2008) (conditionally certifying FLSA collective action of restaurant/club workers); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. Oct. 5, 2007) (conditionally certifying FLSA collective action of restaurant workers).

18. Several of these cases have already settled for a total recovery of over $14,000,000. Some are pending preliminary or final approval by the Court. *E.g.*, *Bricker v. Planet Hollywood N.Y., L.P.*, No. 08 Civ. 443, 2009 U.S. Dist. LEXIS 76613 (S.D.N.Y. Aug. 13, 2009) (granting final approval of settlement and certification of settlement class in wage and hour class action); *Agofonova v. Nobu Corp.*, No. 07 Civ. 6926 (S.D.N.Y. Feb. 6, 2009) (granting final approval of settlement and certification of settlement class in wage and hour class action);

19. As a result of these lawsuits, we have recovered significant sums of money for thousands of New York City restaurant employees. In addition, we have increased awareness of wage and hour laws throughout the New York City restaurant industry.

20. Our work has attracted significant media attention and contributed greatly to a city-wide movement on behalf of food service employees.

21. Denise Schulman received her JD from New York University School of Law in 2008 and joined our firm in January 2009.

22. Ms. Schulman represents clients in both individual and class action employment-related cases. She serves with me as co-lead counsel on several cases that have been certified as collective and/or class actions.

23. Based on our extensive experience in precisely this type of litigation and our thorough familiarity with the factual and legal issues in this case, we have reached the firm conclusion that the proposed Settlement is clearly in the best interests of the named Plaintiffs and the putative class.

24. Attached as Exhibit C is a true and correct copy of the transcript of a fairness hearing before Judge Batts in *Agofonova v. Nobu Corp.*, 07 Civ. 6926 (S.D.N.Y. Feb. 6, 2009).

25. Attached as Exhibit D is a Proposed Final Judgment and Order.

26. My firm spent significant attorney and paralegal time litigating this case.

27. Below is a chart summarizing the hourly rates for time spent by my firm on this matter.

| Individual | Rate | Total Hours | Total |
| --- | --- | --- | --- |
| D. Maimon Kirschenbaum | $425 | 69.8 | $29,665 |
| Denise Schulman | $250 | 52.9 | $13,225 |
| Paralegals | $100 | 42.5 | $4,250 |
|  |  | Total: | $47,140 |

Dated: New York, New York
April 19, 2010

/s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum